Case 2:03-cv-00246-RHW    Document 67    Filed 04/16/07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KATHERINE M. BYRNE,

    Plaintiff,

    v.

WASHINGTON STATE UNIVERSITY,

    Defendant.

NO. CV-03-246-RHW

**ORDER REGARDING PROTECTIVE ORDER**

Before the Court is Defendant's Motion for Protective Order (Ct. Rec. 63). This motion was heard without oral argument. At an informal hearing addressing other discovery matters, the Court directed Defendant to propose a protective order that would address certain privacy concerns regarding personnel files authorized for discovery. Defendant filed a proposed protective order on April 6, 2007. On April 13, 2007, Plaintiff filed a response and an alternative proposed protective order that is based on the parties' pre-existing confidentiality agreement. The Court finds the confidentiality agreement adequately addresses the privacy concerns of the personnel affected by its discovery order with the addition of a requirement that all documents be returned to Defendant upon the entry of a final judgment in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Protective Order (Ct. Rec. 63) is **GRANTED** in a modified form. Plaintiff's proposed protective order (Ct. Rec. 65, Ex. A), attached below, is adopted. However, it is modified to require that all documents determined to be "confidential" are to be returned to the party that produced the

**ORDER REGARDING PROTECTIVE ORDER * 1**

document upon the entry of a final judgment in this matter.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this 16th day of April, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2003\Byrne\protective.ord.wpd

**ORDER REGARDING PROTECTIVE ORDER * 2**

THE BLANKENSHIP LAW FIRM
DEC 04 2006
**RECEIVED**

## I. CONFIDENTIALITY AGREEMENT

It is hereby agreed between the parties in the matter of <u>Byrne v. Washington State University</u>, United States District Court for the Eastern District of Washington, Cause No. 03-0246 RHW, that the following provisions shall apply during the pendency of this action or until this Confidentiality Agreement is superseded.

1. The parties to this litigation may request in discovery certain documents and things that may be used in this lawsuit but may be considered private and confidential and for which the parties have requested protection against improper disclosure. This Confidentiality provision applies in equal force to both Defendant and Plaintiff. To the extent that any right may be asserted by one party of this agreement, the same right may be asserted by the other party, regardless of whether such right has been asserted by either party.

2. <u>Confidential Matter</u>.

a. As used herein, "Confidential Matter" shall mean any document or tangible item that is produced in the course of this litigation, or specific portions thereof, that is designated by a party as "confidential" pursuant to Section 2(c) below if:

   i. it contains financial or other proprietary information that is held confidential by either party;

   ii. it is part of an individual's personnel file, medical file, or other similar file, which includes an individual's identifying information, such as name, address, or telephone number, that a party treats as confidential; or

        iii.    it describes, contains, or discloses internal corporate information that is legitimately held confidential within Washington State University ("WSU").

The determination of whether produced materials fall into one of the above categories shall be made in the first instance in good faith by the party from whom discovery is sought. If there is a disagreement between the parties as to whether particular produced materials have been properly designated as confidential, the dispute may be resolved by the Court.

b.    The parties recognize that experience may disclose that further categories of documents or things should also be treated as confidential. Entry of this Confidentiality Agreement does not foreclose further agreements by the parties to keep such documents or things confidential or application to the Court for protection of other documents or things. Likewise, entry of this Confidentiality Agreement in no way affects or prejudices a party's right to challenge any designation.

c.    All documents or things deemed Confidential Matter by a party shall be marked or stamped as "confidential." Documents or things produced by a party prior to the execution and entry of this Confidentiality Agreement and which contain or reflect Confidential Matter, may be designated as confidential by providing new copies which have been stamped or marked "confidential" or by written notification of the documents or things to be designated as confidential. In the event that new copies of documents or things produced prior to the execution and entry of this Confidentiality Agreement are provided

and stamped or marked "confidential," the previously produced copy lacking the "confidential" designation shall be destroyed.

d.  Any document or thing not designated as "confidential" shall not be covered by this Confidentiality Agreement, provided, however, that inadvertent production of any document or thing not designated "confidential" shall not by itself be deemed a waiver of confidentiality as to such matter, and a party thereafter may designate the same as "confidential." Disclosure by any party of such matter prior to notice of the confidential nature thereof shall not be deemed a violation of this Confidentiality Agreement.

e.  Except as expressly provided for in this Confidentiality Agreement, Confidential Matter shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity, and shall be used only for the prosecution and/or defense of this litigation and for no other purpose. Notwithstanding the preceding, nothing in this Confidentiality Agreement shall in any way limit or preclude either party from using any of the Confidential Matter that it has created or maintained for any of the business purposes for which it was created or maintained.

f.  Confidential Matter may be disclosed by any party or counsel for any party to counsel, in-house counsel, paralegals, and office or other support staff assisting counsel in the preparation of this action. Confidential Matter may also be disclosed to the Court, court personnel and court reporters used in this litigation. Nothing in this Confidentiality Agreement shall limit or prevent the use of any Confidential Matter in open court at hearings in, or during trial of,

this action, provided, however, that such use shall not relieve the parties of their obligations under this Confidentiality Agreement.

g.  Confidential Matter may be disclosed in good faith to experts and consultants retained by a party to assist in preparation, settlement, trial, or appeal of this action. Confidential Matter may be disclosed to persons whose depositions are noted or potential trial witnesses, as well as their counsel, only to the extent counsel for the disclosing party determines in good faith that it is reasonably necessary to do so. Prior to the disclosure of any Confidential Matter, the person to whom the disclosure is made shall agree in writing to be bound by the terms of this Confidentiality Agreement by signing an agreement to be found in the form of Attachment A hereto.

3.  Use in Briefs, Exhibits, Testimony, and Other Documents. If any party intends to use documents marked confidential not under seal, the parties shall provide the other party's counsel with the best practical notice of the intent to file such Confidential Matter and allow the party the opportunity to obtain an order requiring that such Confidential Matter be filed under seal.

4.  Use of Confidential Matter. Documents and things marked "confidential" shall not be used or disclosed by any party for any competitive purpose.

5.  Confidentiality Challenge. If a party challenges the confidential designation of any document or thing, it shall so notify the other party in writing and provide that party ten (10) calendar days in which to move the Court for an order preventing or limiting disclosure. The parties agree that

before seeking any relief from the Court under this paragraph they will make a good faith effort to resolve any disputes concerning the treatment of any Confidential Matter.

6. <u>Subsequent Production</u>. If any person or entity serves on a party a subpoena duces tecum or other request for production of Confidential Matter covered by this Confidentiality Agreement, that party shall immediately notify the other party of the request, and shall notify the person or entity serving such request that such materials are protected by this Confidentiality Agreement. Unless within ten (10) business days of receipt of such notification, the party applies for an order from a court of competent jurisdiction precluding the party upon whom the subpoena or request is served from complying with the request, such party shall be free to produce the Confidential Matter. If an order precluding compliance with the request is timely sought, the party upon whom the subpoena or request is served shall not produce the Confidential Matter until after a competent court rules on such application.

7. <u>Termination</u>. After the termination of this action, this Confidentiality Agreement shall continue to be binding upon the parties hereto, and all persons to whom Confidential Matter has been disclosed or communicated.

8. <u>Modification</u>. This Confidentiality Agreement may be modified in the event that the parties agree in writing to a modification of the provisions hereof, or such modification is ordered by this Court.

9. <u>Remedies</u>. The parties expressly acknowledge and agree that all remedies under Rule 37 will be available to the Court, in its discretion, to sanction any violation of this Confidentiality Agreement.

| | |
|---|---|
| Amy C. Clemmons, WSBA #22997<br>**Assistant Attorney General**<br>1116 W. Riverside Avenue<br>Spokane, WA 99201<br>Telephone: 509-456-3123<br>Attorney for Defendant | Hardeep S. Rekhi, WSBA # 34579<br>**The Blankenship Law Firm**<br>1201 Third Avenue, 28th Floor<br>Seattle, WA 908101<br>Telephone: 206-343-2700<br>Attorneys for Plaintiff |

CONFIDENTIALITY AGREEMENT

# ATTACHMENT A

I, _____, have been advised by counsel of record for Plaintiff or Defendant (circle one) in the matter of <u>Katherine M. Byrne v. Washington State University</u>, United States District Court for the Eastern District of Washington, Cause No. C03-0246 RHW, of the Confidentiality Agreement governing delivery, exhibition, publication, or disclosure to me of Confidential Matter produced in this litigation. I have read a copy of said Confidentiality Agreement and agree to abide by its terms, including its limitation on any further delivery, exhibition, publication or disclosure of documents and things subject to the Confidentiality Agreement. I understand that the unauthorized disclosure of Confidential Matter subject to the Confidentiality Agreement may constitute contempt of court, and I hereby consent to the personal jurisdiction of the United States District Court for the Eastern District of Washington in connection with the disclosure of said Confidential Matter.

    I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, at _____, _____.

                             Printed Name: _____

                             Signature: _____

                             Date: _____

CONFIDENTIALITY AGREEMENT

aj120603